DE FOREST'S TRAINING, Inc., v. FEDERAL TRADE COMMISSION.

No. 8012.

Circuit Court of Appeals, Seventh Circuit.

April 22, 1943.

Rehearing Denied May 14, 1943.

820

John A. Nash and Arthur H. Schwab, both of Chicago, Ill., and Horace J. Donnelly, of Washington, D. C., for petitioner.

Joseph J. Smith, Jr., Allen C. Phelps, and W. T. Kelley, Chief Counsel, all of Washington, D. C., for respondent.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Petitioner, De Forest's Training, Inc., asks us to review and set aside a cease and desist order of the Federal Trade Commission.

Petitioner is a school instructing students both by correspondence and locally in the application of electronics, embracing the public address system, radio, frequency modulation, communications, sound, television and allied subjects. The merit of the course was not in issue.

The order was based upon a complaint issued by the Commission alleging in substance that petitioner had falsely represented, in connection with the sale of its course of study, that any man who is trained in the work of television as taught by petitioner will be ready to enter the electronic industry and be assured of lucrative employment.

In the course of its business, in order to induce the sale of its courses of instruction to high school graduates, the petitioner, among other things, stated: "Today, the whole brilliant story of Radio's early growth, development and opportunities may repeat itself in Television." "The beginning of a new American industry is already with us." "Television, a new branch of the Electronic field, is developing rapidly." "All of the present activity in Television * * * combine to spell one word in the mind of the forward-looking, ambitious man, and that is—Opportunity!" "* * * to the young man seeking to fit himself into this exciting new picture of modern opportunity, *everything* may depend on one factor. That is—whether he has the ambition and foresight to seize this fine chance; whether he *makes himself ready* for Television now, before its pioneering opportunities pass on into history." "After a man is trained the DeForest way, he is ready to enter the Electronic Industry and really 'go places'." "Ambitious men who want steady, big-paying jobs *are needed* in the fast-growing Television, Radio, and Sound Picture Industry."

The complaint alleged that the foregoing statements and representations are grossly exaggerated, false, misleading and deceptive; that television is still in its infancy; that opportunities for employment are very few; and that the demand for men trained in the television field is not large enough to warrant the petitioner's representation that graduates of its school may be readily placed in positions in such field.

Petitioner answered the complaint and after the cause had been heard upon the complaint and answer, the testimony of witnesses and supporting documentary evidence, the Commission found that petitioner's advertising contained false, deceptive

and misleading statements, and issued an order that petitioner cease and desist from:

(1) Representing directly or by implication that there are possibilities or opportunities for employment of students or graduates of petitioner's course in the television field until substantial numbers of such students or graduates have been, and can be, employed directly in such field;

(2) Representing directly or by implication that there are now, or in the near future will be, possibilities or opportunities for the employment of students or graduates of petitioner's course in the television field until the commercial development of television is sufficiently advanced to assure immediate availability of such possibilities or opportunities;

(3) Misrepresenting in any manner the possibilities or opportunities for employment of students or graduates of petitioner's course in the television field or any other branch of the electronics industry.

There was evidence tending to prove that television had been the subject of research, experimentation, and development for many years; that its introduction to the general public began in 1939 at the World's Fair in New York; that it was commercially practicable and its possibilities were immense; that it would become a large and important industry, but that its commercialization depended upon action to be taken by the Federal Communications Commission with respect to authorizing its commercial development; and that when its commercial development began, large numbers of men would be employed in the production, sale, and servicing of television receivers and in various ways in connection with broadcasting of television programs and other technical aspects of the art.

There was a divergence of opinion as to when commercialization of television on a substantial scale would occur. Some witnesses felt that this was in the immediate future and that it would immediately follow the establishment of standards by the Federal Communications Commission and authorization for its introduction to the public. Others felt that the prospects were not nearly so immediate.

The Commission found that only a limited number of individuals, experienced in radio and allied problems, and a few graduates of technical colleges and universities have been employed in television; that there have been no opportunities for the employment in the television field of petitioner's graduates; and that "no one can say with certainty when the commercial development of television will reach a stage which assures opportunities for the employment of large numbers of men."

The challenge to the order is based on the grounds that it seeks to prevent petitioner from making predictions and expressing opinions as to future events, and that the findings of the Commission are not sustained by the evidence.

The argument is that the representations were matters of opinion, not intended as statements of existing facts, but as a prophecy of things to come, and even if the commercial expansion of television had not justified the predictions made for it, that fact should not condemn statements made in good faith.

■■ It is elementary that it was petitioner's duty to deal fairly with the public and not to make false, deceptive or misleading statements. So too, it is clear that whatever statements are made, must be taken with and accepted in their ordinary sense.

■ With these principles in mind, we think the question here involved was one of fact, as distinguished from mere opinion, as is evident from the statements that the beginning of a new American industry is already *with us;* television is developing rapidly; the success of a young man depends on whether he makes himself ready for television *now;* and that men who want steady, big-paying jobs *are needed* in the fast-growing television industry.

■ The Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq., does not charge us with the duty of considering conflicts in the evidence or the plausibility of explanations offered, nor are we permitted to substitute our judgment for that of the Commission. Our function is to determine whether there is substantial evidence to sustain the findings of the Commission. If there is, the findings are conclusive.

■ We agree with the Commission that the statements have the tendency to, and do, mislead and deceive a substantial portion of the public, and that the order was within the Commission's authority to issue, since it goes no further than to prohibit misrepresentations concerning the possibilities or opportunities for the employment of students or graduates of petitioner's course in the television field.

·The point is made that the third paragraph of the order is too broad, in that it prohibits the petitioner from representing the possibilities or opportunities for employment in other branches of the electronics industry.

■ There is no finding and we find no evidence in the record that the petitioner has misrepresented the possibilities or opportunities for employment in any branch of the electronics industry other than television; consequently, the phrase "or any other branch of the electronics industry" will be stricken from the order.

The petition to set aside the order is denied and the Commission's order is modified, and, as so modified, is affirmed. The Commission may present a decree in conformity with our conclusions.